Sherpa v. Holder

BIA
A089 198 463

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand fourteen.

PRESENT:
        DENNIS JACOBS,
        GUIDO CALABRESI,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

ANG BHAI SHERPA,
        *Petitioner,*

        v.                                    13-1816
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Julie Mullaney, Mount Kisco, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Francis Fraser, Senior Litigation Counsel; Kate D. Balaban,

**Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ang Bhai Sherpa, a native and citizen of Nepal, seeks review of an April 15, 2013, decision of the BIA denying his motion to reopen. *In re Ang Bhai Sherpa*, No. A089 198 463 (B.I.A. Apr. 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quotation marks and citation omitted). The BIA did not abuse its discretion. It denied Sherpa's timely motion to reopen on the ground that Sherpa's new evidence would not likely change the outcome of his case. *See* 8 U.S.C. § 1229a(c)(7)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (citing *INS v. Abudu*, 485 U.S.

94, 104-05 (1988)).  As the BIA concluded, Sherpa's medical report, while relevant, would not alter the IJ's dispositive adverse credibility determination.  *See* 8 U.S.C. § 1229a(c)(7)(B); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk